UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TRIVENSKEY ODOM | CIVIL ACTION |
| VERSUS | 16-748-SDD-EWD |
| LIEUTENANT JUAN SMITH; and<br>CADET DEMETRIOUS LOLLIS | |

# RULING

This matter is before the Court on the *Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)*[1] by Defendants, Lieutenant Juan Smith ("Lt. Smith") and Cadet Demetrious Lollis ("Cdt. Lollis") (or collectively "Defendants"). Plaintiff, Trivenskey Odom ("Odom"), has filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply*.[3] For the following reasons, the Court finds that Defendants' motion should be GRANTED.

**I.    FACTUAL BACKGROUND**[4]

Plaintiff alleges that, on June 20, 2016, he was an inmate housed at Louisiana State Penitentiary ("LSP").[5] Plaintiff contends that, on that same date, after returning from the shower, Lt. Smith attempted to sexually assault him.[6] Odom alleges that Lt. Smith placed a knife to his neck and forced Odom on the bed where he proceeded to get on top of him.[7] A struggle ensued between the two, and Odom gained access to Lt. Smith's

---

[1] Rec. Doc. No. 42.
[2] Rec. Doc. No. 43.
[3] Rec. Doc. No. 46.
[4] The facts are drawn from the *Complaint* (Rec. Doc. No. 1), *Amended Complaint* (Rec. Doc. No. 39), and the Parties' memoranda.
[5] Rec. Doc. No. 1 p.2.
[6] *Id.* at pp. 3-6.
[7] *Id.*

43877

walkie-talkie and repeatedly pressed the emergency call button.[8] As a result of this encounter, Odom alleges that he filed an administrative remedy procedure ("ARP") against Lt. Smith and a Prison Rape Elimination Act ("PREA") investigation was conducted.[9] Plaintiff alleges that, on August 5, 2016, Cdt. Lollis pushed him to the ground and kicked him in the head.[10] Odom alleges that Cdt. Lollis was ordered by Lt. Smith to attack him.[11] Plaintiff alleges that he also filed a complaint for this incident and was placed on suicide watch in retaliation for the complaint.[12]

On November 8, 2016, Odom filed the present action pursuant to 42 U.S.C. §1983 against Lt. Smith and Cpl. Lollis. Odom claims that the Defendants violated his 4th, 8th, and 14th amendment rights to be free from the use of unnecessary and/or excessive force, corporal punishment, and cruel and unusual punishment. Defendants filed their first *Motion to Dismiss*[13] on December 8, 2016. On April 5, 2017, this Court issued a *Ruling*[14] denying Defendant's *Motion* considering the Magistrate Judge's *Scheduling Order*[15] allowing for amended pleadings. Plaintiff filed an *Amended Complaint*[16] on June 30, 2017. Thereafter, Defendants filed the current *Motion* re-asserting their prior arguments that Plaintiff failed to exhaust administrative remedies as to any claims prior to the June 20, 2016 incident.

---

[8] *Id.*
[9] *Id.* at pp. 1, 6.
[10] *Id.* at p. 7.
[11] *Id.* at p. 8.
[12] *Id.* at p. 6.
[13] Rec. Doc. No. 8.
[14] Rec. Doc. No. 19.
[15] Rec. Doc. No. 18.
[16] Rec. Doc. No. 39.
43877

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[17] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[18] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[19] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] In order to satisfy the plausibility standard, the plaintiff must show "more than

---

[17] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[18] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[19] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[22] *Iqbal,* 556 U.S. at 678.
43877

a sheer possibility that the defendant has acted unlawfully."[23] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[24] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[25]

### B. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring an action under § 1983 until he exhausts administrative remedies.[26] 42 U.S.C. § 1197e(a) states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes."[27] The Supreme Court made clear that exhaustion is now mandatory.[28] The Fifth Circuit has held that the available administrative remedy must be pursued to its conclusion.[29] Moreover, the Fifth Circuit has held that the exhaustion requirement must be completed prior to filing suit, stating:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceedings. Pre-filing exhaustion is mandatory, and the case must be dismissed if

---
[23] *Id.*
[24] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[25] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[26] 42 U.S.C. §1997 *et seq.*
[27] *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).
[28] *Id.* at 524, 122 S.Ct. 983, 988.
[29] *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
43877

available administrative remedies were not exhausted.[30]

Following the precedent set by the Fifth Circuit, this district has declined to allow prisoner litigants to cure the failure to exhaust by amendment stating, "The Court will not allow [a] plaintiff to circumvent the clear intent of the exhaustion requirement by permitting him to file his federal Complaint prior to administrative exhaustion and by then allowing him to simply amend his Complaint to allege exhaustion once he has received a final agency determination."[31]

Here, Plaintiff has done exactly what the PLRA prohibits. Odom filed suit alleging violations under § 1983 prior to exhausting available administrative remedy procedures. In his original complaint, Odom clearly stated that, other than the appropriately exhausted ARP of the sexual assault on June 20, 2016, there were three ARPs pending concerning alleged retaliatory events that were backlogged at the time he initiated litigation.[32] Specifically, Odom points to those ARPs filed on June 24, 2016, July 4, 2016, and August 5, 2016.[33] Allegedly, those ARPs pertained to incidents of retaliation involving other officers, not just Lt. Smith and Cpl. Lollis, at LSP which occurred after the June 20, 2016 sexual assault.[34]

Next, Plaintiff attempted to cure the mistake by filing an *Amended Complaint* on June 30, 2017, alleging that the ARPs mentioned in the original *Complaint* had since been exhausted.[35] In further support, Plaintiff's *Opposition* presents the Court with a timeline

---

[30] *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Wherein the 5th circuit tacitly overruled their decision in *Underwood v. Wilson,* 151 F.3d 292 (5th Cir. 1998) after reviewing the Supreme Court decisions in *Woodford v. Ngo,* 548 U.S. 81 (2006) and *Jones v. Bock,* 549 U.S. 199 (2007).
[31] *Kelly v. Singh*, No. CIV.A. 14-64-JJB-RLB, 2014 WL 4660854, at *2 (M.D. La. Sept. 17, 2014).
[32] Rec. Doc. No. 1 pp. 1-2.
[33] *Id.*
[34] Rec. Doc. No. 1 pp. 5-8.
[35] Rec. Doc. No. 39 pp. 1-3.
43877

showing the alleged dates that the ARPs became exhausted as a matter of law.[36] However, none of the dates Plaintiff alleged occurred prior to the November 8, 2016 filing of Odom's original *Complaint*. Considering the evidence before the Court in the original *Complaint*, *Amended Complaint*, and Plaintiff's *Opposition*, it is clear that Odom failed to exhaust administrative remedies pertaining to all the events alleged after the June 20, 2016 sexual assault. As stated above, Odom cannot cure his exhaustion deficiencies merely by amendment. Therefore, Plaintiff has failed to state a claim upon which relief can be granted as to those claims that were not exhausted.[37]

---

[36] Rec. Doc. No. 43 pp. 3-4.

[37] Insofar as Plaintiff argues that Defendants have failed to prove exhaustion as an affirmative defense, the Court finds that it is clear from the original Complaint that Plaintiff failed to exhaust prison grievance procedures. *See Kelly v. Singh*, No. CIV.A. 14-64-JJB-RLB, 2014 WL 4660854, at *2 (M.D. La. Sept. 17, 2014). Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, *Jones v. Bock,* 549 U.S. 199, 216 (2007), when it is apparent from the face of the Complaint that an inmate plaintiff has failed to exhaust prison grievance procedures, a dismissal *sua sponte* is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted. *See Carbe v. Lappin,* 492 F.3d 325, 328 (5th Cir. 2007).
43877

## III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[38] by Defendants is GRANTED. All of Plaintiff's claims regarding events that occurred after June 20, 2016, are DSIMISSED without prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 21, 2018</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[38] Rec. Doc. No. 42.

43877