# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TRIVENSKEY ODOM                           CIV. ACTION NO. 16-00748 c/w
                                          18-00315

VERSUS                                    CHIEF JUDGE SHELLY D. DICK

LIEUTENANT JUAN SMITH; AND                MAG. JUDGE ERIN WILDER-
CADET DEMETRIOUS LOLLIS                   DOOMES

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by
Defendant, Lieutenant Juan Smith ("Defendant" or "Lt. Smith").  Plaintiff, Trivenskey
Odom ("Plaintiff" or "Odom"), filed an *Opposition*[2] to the motion.  For the reasons that
follow, Defendant's motion for summary judgment is **GRANTED IN PART and DENIED
IN PART**.

## I.    BACKGROUND

### A.    Procedural Background

Plaintiff initially filed suit adverse to Lieutenant Juan Smith and Cadet Demetrious
Lollis in the United States District Court for the Middle District of Louisiana on November
8, 2016, bearing Civil Action No. 16-00748.[3]  Defendants in Civil Action No. 16-00748
filed a motion to dismiss for failure to state a claim and for failure to exhaust administrative
remedies on December 8, 2016.[4]  Defendants' motion was denied on April 3, 2017, and
Plaintiff was allowed to amend his pleadings.[5]

---

[1] Rec. Doc. No. 82, CIV. A. No. 16-748; Rec. Doc. No. 9, CIV. A. No. 18-315.
[2] Rec. Doc. No. 83, CIV. A. No. 16-748.
[3] Rec. Doc. No. 1, CIV. A. No. 16-748.
[4] Rec. Doc. No. 8, CIV. A. No. 16-748.
[5] Rec. Doc. No. 19, CIV. A. No. 16-748.

53280

Plaintiff amended his Complaint on June 30, 2017.[6]  In the Amended Complaint, Plaintiff alleged that the last three administrative remedy procedure grievances ("ARPs") that Plaintiff filed had been exhausted.  Those three ARPs were identified as LSP-2016-1841, LSP-2016-1948, and LSP-2016-2295.[7]  Defendants filed a second motion to dismiss Plaintiff's claims on July 24, 2017.[8]  Defendants also filed a motion for summary judgment on November 15, 2017.[9]

The Court ruled on Defendants' motion to dismiss on February 21, 2018.[10]  The issue before the Court was Plaintiff's failure to exhaust administrative remedies with regard to the last three ARPs identified above.  The Court granted Defendants' motion and dismissed Plaintiff's claims regarding events that occurred after June 20, 2016.[11]

In response to the Court's ruling, Plaintiff filed a second suit in the United States District Court for the Middle District of Louisiana adverse to the same Defendants on March 21, 2018, bearing Civil Action No. 18-00315.[12]  Plaintiff asserted claims based upon the same three ARPs identified above and made the basis of the Court's prior ruling. Plaintiff alleged that he exhausted his administrative remedies as to those claims.[13]  The two suits were ordered consolidated on May 22, 2018[14].

---

[6] Rec. Doc. No. 39, CIV. A. No. 16-748.
[7] Rec. Doc. No. 30, CIV. A. No. 16-748.
[8] Rec. Doc. No. 42, CIV. A. No. 16-748.
[9] Rec. Doc. No. 48, CIV. A. No. 16-748.  Oral argument on Defendants' motion for summary judgment was heard on September 25, 2018, at which time this Court dismissed Plaintiff's claim for sexual harassment. Plaintiff's claim for excessive force remains pending.  Rec. Doc. No. 79.
[10] Rec. Doc. No. 67, CIV. A. No. 16-748.
[11] *Id.*
[12] Rec. Doc. No. 1, CIV. A. No. 18-315.
[13] *Id.*
[14] Rec. Doc. No. 68, CIV. A. No. 16-748.
53280

Defendant, Lt. Smith, filed the subject motion for summary judgment on January 30, 2019.[15] This motion seeks to dismiss Plaintiff's claims against Lt. Smith as set forth in the Complaint filed in Civil Action No. 18-315.[16] The basis for the motion is, again, that Plaintiff failed to exhaust his administrative remedies with respect to events that occurred after June 20, 2016, and failed to state a claim against Lt. Smith upon which relief may be granted.[17]

### B.    Factual Background

Plaintiff alleges that, on June 20, 2016, he was an inmate housed at the Louisiana State Penitentiary ("LSP").[18] Plaintiff alleges that both prior to June 20, 2016, and on that date, that Lt. Smith attempted to sexually assault him.[19] Plaintiff alleges that Lt. Smith placed a knife to his neck and forced him on the bed where he proceeded to get on top of him. A struggle ensued, and Plaintiff accessed and pressed the emergency call button on Lt. Smith's walkie-talkie.[20] Due to the events of June 20, 2016, Plaintiff filed a Prison Rape Elimination Act ("PREA") investigation adverse to Lt. Smith, and he filed an ARP.[21]

Plaintiff alleges that after he instituted the PREA and ARP for the June 20, 2016, event, he was the subject of retaliation. He alleges that he was transferred from the "camp" where Lt. Smith worked to a different "camp". However, the confidentiality of the PREA had allegedly been breached, and the officers in charge of the new "camp" retaliated against Plaintiff and allegedly abused him.[22] Defendant argues in its motion

---

[15] Rec. Doc. No. 82, CIV. A. No. 16-748; Rec. Doc. No. 9, CIV. A. No. 18-315.
[16] Rec. Doc. No. 1, CIV. A. No. 18-315.
[17] Rec. Doc. No. 82-1, CIV. A. No. 16-748; Rec. Doc. No. 9, CIV. A. No. 18-315.
[18] Rec. Doc. No. 1, CIV. A. No. 18-315, p. 2.
[19] Rec. Doc. No. 1, CIV. A. No. 18-315, pp. 2-3.
[20] Rec. Doc. No. 1, CIV. A. No. 18-315, p. 4.
[21] Rec. Doc. No. 1, CIV. A. No. 18-315, p. 5.
[22] Rec. Doc. No. 1, CIV. A. No. 18-315, pp. 5-7.
53280

that the allegations surrounding the "retaliation" at this "camp" were contained in ARP No. LSP-2016-1841, received on June 27, 2016, and ARP No. LSP-2016-1948, received on July 7, 2016.[23]

Plaintiff claims that he was later transferred back to the "camp" where Lt. Smith worked. On August 5, 2016, Plaintiff alleges that Cadet Lollis "pushed him to the ground and kicked him in the head" and that Lt. Smith ordered Cadet Lollis to do this.[24] Defendant argues in its motion that the alleged events which occurred on August 5, 2016, were contained in ARP No. LSP-2016-2295.[25]

Plaintiff alleges that the "ARP filed against Lt. Juan Smith and Cadet Lollis filed on August 9, 2016, which was accepted on May 2, 2017, was exhausted through LSP 2016-2295 and/or the delays allowed by law to reach 2nd step have run with no final disposition, which allows Trivenskey Odom to file suit."[26] Plaintiff alleges claims pursuant to 42 U.S.C. Section 1983 and claims that Defendants violated his 4th, 8th, and 14th Amendment rights to be free from the use of unnecessary and/or excessive force, corporal punishment, and cruel and unusual punishment.[27]

## II.    Law and Analysis

### A.    Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and

---

[23] Rec. Doc. No. 82-1, pp. 2-3, CIV. A. No. 16-748 (citing Rec. Doc. Nos. 82-4 and 82-5).
[24] Rec. Doc. No. 1, CIV. A. No. 18-315, pp. 7-8.
[25] Rec. Doc. No. 82-1, p. 3, CIV. A. No. 16-748 (citing Rec. Doc. No. 82-6).
[26] Rec. Doc. No. 1, CIV. A. No. 18-315, pp. 1-2.
[27] Rec. Doc. No. 1, CIV. A. No. 18-315, pp. 9-13.
53280

that the moving party is entitled to a judgment as a matter of law."[28]  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[29]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[30]  If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[31]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[32]  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[33]  Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[34]  The Court will not, "in the absence of any proof,

---

[28] Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[30] *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex,* 477 U.S. at 323-25, 106 S.Ct. at 2552).

[31] *Id.* at 1075.

[32] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[33] *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

[34] *Wallace,* 80 F.3d at 1048 (quoting *Little,* 37 F.3d at 1075).  *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

53280

assume that the nonmoving party could or would prove the necessary facts."[35]   Unless

there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is

no genuine issue for trial.[36]

### B.    Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring an

action under Section 1983 until he exhausts administrative remedies.[37]  42 U.S.C. Section

1197e(a) states:

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner in any jail, prison,
> or other correctional facility until such administrative remedies as are
> available are exhausted.

The Supreme Court has held that "the PLRA's exhaustion requirement applies to

all inmate suits about prison life, whether they involve general circumstances or particular

episodes."[38]  The Supreme Court made clear that exhaustion is now mandatory.[39]  The

Fifth Circuit has held that the available administrative remedy must be pursued to its

conclusion.[40]  Moreover, the Fifth Circuit has held that the exhaustion requirement must

be completed prior to filing suit, stating:

> District Courts have no discretion to excuse a prisoner's failure to properly
> exhaust the prison grievance process before filing their complaint.  It is
> irrelevant whether exhaustion is achieved during the federal proceedings.
> Pre-filing exhaustion is mandatory, and the case must be dismissed if
> available administrative remedies were not exhausted.[41]

---

[35] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing,* 70 F.3d 26 (5th Cir. 1995).
[36] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
[37] 42 U.S.C. § 1997, *et seq.*
[38] *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).
[39] *Id.* at 524, 122 S.Ct. 983, 988.
[40] *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
[41] *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Wherein the Fifth Circuit tacitly overruled their decision in *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998) after reviewing the Supreme Court decisions in *Woodford v. Ngo*, 548 U.S. 81 (2006) and *Jones v. Bock*, 549 U.S. 199 (2007).
53280

Following the precedent set by the Fifth Circuit, this district has declined to allow prisoner litigants to cure the failure to exhaust by amendment stating, "The Court will not allow [a] plaintiff to circumvent the clear intent of the exhaustion requirement by permitting him to file his federal Complaint prior to administrative exhaustion and by then allowing him to simply amend his Complaint to allege exhaustion once he has received a final agency determination."[42]

Louisiana's Department of Corrections ("DOC") grievance process consists of two-steps.[43] Prison officials must respond to the inmate's written grievance at the first step within 40 days from the date the request is received.[44] If the inmate is not satisfied with the decision rendered at the first step, the inmate must pursue his grievance via the second step.[45] If an inmate wishes to continue to the second step, "sufficient space will be allowed on the response to give a reason for requesting review at the next level. It is not necessary to rewrite the original letter of request as it will be available to all reviewers at each step of the process."[46]

The second step is an appeal to the Secretary of the DOC.[47] The regulations further provide that an inmate proceeds to this step "by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP screening officer within five days of receipt of the decision" about the first step.[48] A final decision

---

[42] *Kelly v. Singh*, No. CIV.A. 14-64, 2014 WL 4660854, *2 (M.D. La. Sept. 17, 2014).
[43] La. Admin. Code tit. 22, § 325(1).
[44] La. Admin. Code tit. 22, § 325(J)(1)(a)(ii).
[45] La. Admin. Code tit. 22, § 325(J)(1)(a)(iii).
[46] La. Admin. Code tit. 22, § 325(J)(1)(a)(iv).
[47] La. Admin. Code tit. 22, § 325(J)(1)(b).
[48] *Id.*
53280

will be made on the second step "within 45 days from the date the request is received at the second step utilizing the second step response."[49]  If the inmate is not satisfied with the result of the second step, suit may be filed.[50]

Defendant argues that Plaintiff failed to fully exhaust ARP No. LSP-2016-1841 ("ARP 1841") and ARP No. LSP-2016-2295 ("ARP 2295") and that the delays to fully exhaust these two ARPs has passed.[51]

### 1.    ARP 1841

ARP 1841 contains factual complaints for the time period June 21-24, 2016, and it was received by the LSP on June 27, 2016.  ARP 1841 was "rejected" on July 5, 2016 because it contained multiple complaints within one ARP, which is a violation of the procedural requirements.[52]  The grievance process does not commence until the ARP is accepted.[53]  An individual who has filed a procedurally-improper ARP is considered to have not exhausted his administrative remedies.[54]  Therefore, Defendant argues that Plaintiff has not exhausted his administrative remedies with regard to the claims based upon ARP 1841 and those claims should be dismissed.[55]

Regarding ARP 1841, Plaintiff acknowledges that this "Court previously noted that this claim does not affect [the] named parties".[56]  Plaintiff is referring to this Court's ruling

---

[49] La. Admin. Code tit. 22, § 325(J)(1)(b).
[50] La. Admin. Code tit. 22, § 325(J)(1)(b).
[51] Rec. Doc. No. 82-1, p. 8, CIV. A. No. 16-748.
[52] Rec. Doc. No. 82-4, p. 2, CIV. A. No. 16-748.
[53] *Abbott v. Babin*, 587 F.App'x 116, 118 (5th Cir. 2014)(citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) and *Jones v. Bock*, 549 U.S. 199, 218 (2007)).
[54] *Id.*
[55] Rec. Doc. No. 82-1, p. 9, CIV. A. No. 16-748.
[56] Rec. Doc. No. 83, p. 2, CIV. A. No. 16-748.
53280

on Defendants' prior motion based on Plaintiff's failure to exhaust his administrative remedies.[57]  In the prior ruling, this Court stated:

> Here, Plaintiff has done exactly what the PLRA prohibits.  Odom filed suit alleging violations under Section 1983 prior to exhausting available administrative remedy procedures.  In his original complaint, Odom clearly stated that, other than the appropriately exhausted ARP of the sexual assault on June 20, 2016, there were three ARPs pending concerning alleged retaliatory events that were backlogged at the time he initiated litigation.[58]  Specifically, Odom points to those ARPs filed on June 24, 2016, July 4, 2016, and August 5, 2016.[59]  Allegedly, those ARPs pertained to incidents of retaliation involving other officers, not just Lt. Smith and Ct. Lollis, at LSP which occurred after the June 20, 2016 sexual assault.[60]

Also, Plaintiff appears to concede Defendant's challenge to ARP 1841.  In his opposition, Plaintiff states that the "[e]xhaustion of the August 5, 2016 incident with Lt. Juan Smith and Cadet Lollis asserted in LSP No. 2016-2295 is the *only* contested issue before this Court".[61]  Finally, Plaintiff admits that ARP 1841 was rejected for containing multiple complaints.[62]

The record evidence reflects that ARP 1841 was rejected because it was not in compliance with the procedural requirements.  It was never processed; therefore, ARP 1841 was not exhausted.[63]  Any claims against Lt. Smith based on the allegations contained in ARP 1841 must be dismissed as Plaintiff did not exhaust his administrative remedies with regard to these claims.  The complaints contained in ARP 1841 are regarding the retaliation claims after Plaintiff was transferred to a different camp.[64]

---

[57] Rec. Doc. No. 67, CIV. A. No. 16-748.
[58] Rec. Doc. No. 1, pp. 1-2, CIV. A. No. 16-748.
[59] *Id.*
[60] Rec. Doc. No. 67, p. 5, CIV. A. No. 16-748.
[61] Rec. Doc. No. 83, pp. 2-3 (emphasis added), CIV. A. No. 16-748.
[62] Rec. Doc. No. 83, p. 2, CIV. A. No. 16-748.
[63] *Abbott*, 587 F.App'x at 118.
[64] Rec. Doc. No. 82-4, p. 2, CIV. A. No. 16-748.

53280

Plaintiff is correct that these claims are regarding individuals who are not parties to this suit, as this Court previously noted.[65]  Plaintiff offers no argument or evidence to controvert these findings.  Based on the foregoing, the Court finds that Plaintiff has not exhausted his administrative remedies with regard to ARP 1841, and the complaints against Lt. Smith based upon ARP 1841 are dismissed without prejudice.

        2.      *ARP 2295*

        ARP 2295 contains factual allegations of events that occurred on August 5, 2016, and it was received and backlogged by the LSP on August 9, 2016.[66]  ARP 2295 came off of backlog and was accepted on May 2, 2017, but it was denied at the first step of the process on June 15, 2017.[67]  ARP 2295 provides instructions that if "you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision".[68]

        There is no evidence that the Plaintiff continued to the second step of the process. In order to exhaust his administrative remedies, Plaintiff must complete all steps of the process: screening, first step and second step.[69]   Therefore, Defendant argues that Plaintiff has not exhausted his administrative remedies with regard to the claims based on ARP 2295 and those claims should be dismissed.[70]

        Plaintiff argues that ARP 2295 "is the only contested issue before this Court".[71] Plaintiff argues that "on January 4, 2017, Trivenskey Odom provided a declaration that

---

[65] Rec. Doc. No. 67, p. 5, CIV. A. No. 16-748.
[66] Rec. Doc. No. 82-6, p. 2, CIV. A. No. 16-748.
[67] Rec. Doc. No. 82-6, p. 8, CIV. A. No. 16-748.
[68] Rec. Doc. No. 82-6, p. 9, CIV. A. No. 16-748.
[69] *Abbott*, 587 F. App'x at 118.
[70] Rec. Doc. No. 82-1, p. 9, CIV. A. No. 16-748.
[71] Rec. Doc. No. 83, p. 3, CIV. A. No. 16-748.
53280

he never received notice of the Back log".[72]  Plaintiff's January 4, 2017, declaration does not reference ARP 2295 by number, but it refers to the complaints surrounding the alleged events on August 5, 2016, and concludes by declaring that Plaintiff "never received any notice of a back log and more than 90 days has run on this ARP".[73]  Plaintiff executed a second declaration dated February 21, 2019, which specifically declares that Plaintiff "never received any notice from LSP that ARP 2016-2295 reached First Step".[74]  The certified copy of ARP 2295 in the record does not contain a receipt evidencing that Plaintiff ever received the first step denial or notice of how to proceed to step two of the process.[75]  Further, Defendant did not file a reply memorandum in response to Plaintiff's opposition bringing forward any argument or evidence that Plaintiff received the notice of the disposition of the first step and instructions for proceeding to the second step.

The record evidence reflects an issue of fact as to whether Plaintiff was properly and timely notified that step one of ARP 2295 was denied and of the procedure and timeframe for proceeding to step two of the process.  The Louisiana Administrative Code requires that Plaintiff be notified of this disposition and the instructions to proceed in the administrative process,[76] and the absence of notice impedes Plaintiff's ability to comply with the procedures in place and exhaust his administrative remedies.[77]  Reviewing the evidence in a light most favorable to the non-movant, as the Court must do on a motion for summary judgment, the Court finds a genuine issue of material fact as to whether

---

[72] Rec. Doc. No. 83, p. 3 (citing Rec. Doc. No. 52-1), CIV. A. No. 16-748.
[73] Rec. Doc. No. 52-1, p. 2.
[74] Rec. Doc. No. 83-1.
[75] Rec. Doc. No. 82-6.  The Court notes that ARP 1841 contained a receipt evidencing Plaintiff's receipt and notice of the rejection of his ARP and the basis of that disposition.  Rec. Doc. No. 82-4, p. 8.
[76] La. Admin. Code tit. 22, § 325(I)(1)(k).
[77] *See, e.g., Deemer v. Stalder*, 2007 WL 4589799, *2 (W.D. La. Nov. 27, 2007).
53280

Plaintiff was notified of the disposition of step one of ARP 2295, and the Court denies Defendant's motion for summary judgment with regard to ARP 2295.

### 3.     "New" Claims and ARP 1948

Defendant also argues that the "new" claims included in ARP 1841 and ARP No. LSP-2016-1948 ("ARP 1948") fail to state a claim against Lt. Smith.[78]  The "new" claims refer to Plaintiff's claims of retaliation regarding the alleged acts of the LSP officers at the camp to which Plaintiff was transferred after the initial June 20, 2016 incident.  Lt. Smith was not named in these allegations; Lt. Smith did not work at the second camp site; and there is no evidence of or allegations that Lt. Smith knew about the alleged incidents at the "new" camp.  As such, Defendant argues that these claims should be dismissed against Lt. Smith because Plaintiff has failed to assert new claims against Lt. Smith for which relief may be granted.[79]

ARP 1841 includes complaints of retaliation that occurred after Plaintiff was transferred to a new camp in June 2016.  For the reasons discussed above, the complaints in ARP 1841 do not apply to Lt. Smith, and Plaintiff has failed to exhaust his administrative remedies with regard to these claims.  Therefore, claims based on ARP 1841 adverse to Lt. Smith are dismissed.

ARP 1948 contains complaints about officers other than Lt. Smith.  Plaintiff complained of threats, being placed in hand cuffs and shackles, threats of being maced if he did not remove his clothing, and of being placed on suicide watch.[80]  Lt. Smith is not named or referenced in ARP 1948.  The evidence does not support a claim adverse to

---

[78] Rec. Doc. No. 82-1, p. 10.
[79] Rec. Doc. No. 82-1, pp. 10-11.
[80] Rec. Doc. No. 82-5, p. 2.
53280

Lt. Smith based on ARP 1948. Plaintiff cannot simply rely on conclusory allegations and must not only allege facts which support a claim of retaliation, but also must come forward with evidence in support of same on summary judgment.[81]

Plaintiff does not address ARP 1948 in his opposition except to state that Plaintiff exhausted his administrative remedies on ARP 1948,[82] which Defendant does not contest. Plaintiff does not address the content of ARP 1948 directly or that it only complains of the actions of officers other than Lt. Smith.[83] However, Plaintiff recognizes that this Court previously addressed the issue of an ARP complaining of the acts of those other than a named party and that it failed to state a claim upon which relief may be granted as to Defendants.[84] The same analysis that applies above with regard to ARP 1841 applies to ARP 1948. Any claims based on the complaints in ARP 1948 do not apply to Lt. Smith. Therefore, Defendant's motion for summary judgment based upon the claims contained in ARP 1948 is granted, and all claims adverse to Lt. Smith based on ARP 1948 are dismissed.

---

[81] *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).
[82] Rec. Doc. No. 83, p. 2.
[83] Rec. Doc. No. 83.
[84] *Id.* at p. 2.
53280

### III.    CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment*[85] by Defendant, Lieutenant Juan Smith, is **GRANTED IN PART and DENIED IN PART**. Plaintiff's, Trivenskey Odom, claims adverse to Lieutenant Juan Smith based upon LSP ARP 2016-1841 and LSP ARP 2016-1948 are hereby dismissed with prejudice for the reasons stated herein.  Defendant's motion is denied regarding Plaintiff's claims based upon LSP ARP 2016-2295.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 30, 2019</u>.


_____

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[85] Rec. Doc. 82.
53280